CASE LOMBARDI
A LAW CORPORATION

MARK G. VALENCIA   6783
Email:  mvalencia@caselombardi.com
JAMES W. ROONEY    11361
Email:  jrooney@caselombardi.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawai'i 96813
Tel. No.: (808) 547-5400
Fax No.: (808) 523-1888

Attorneys for Plaintiff
**ESTATE OF ANTHONY C. LAUGHLIN**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF ANTHONY C. LAUGHLIN,<br><br>              Plaintiff,<br><br>     vs.<br><br>KARI MCKELVY,<br><br>              Defendant. | CIVIL NO.: _____<br>(BREACH OF CONTRACT)<br><br>**COMPLAINT; SUMMONS** |

## COMPLAINT

Plaintiff the Estate of Anthony C. Laughlin ("Estate"), by and through his attorneys, Case Lombardi A Law Corporation alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1) on the basis of diversity of citizenship, because the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

2. Venue in the District of Hawaii is proper under 28 U.S.C. section 1391(b)(1), because Defendant Kari McKelvy ("McKelvy") resides in the State of Hawaii.

## PARTIES

3. The Estate is a probate estate being adjudicated in the State of Oregon.

4. Upon information and belief, Defendant Kari McKelvy is a citizen of the State of Hawaii.

## FACTS COMMON TO ALL COUNTS

5. Anthony Laughlin ("Laughlin") and McKelvy were brother and sister.

6. On or about, July 15, 2015, Laughlin loaned McKelvy $400,000, which was recorded as a "Line of Credit" (the "Loan").

7. The Loan charged interest at the rate of six percent per year.

8. The Loan required McKelvy to make monthly payments to Laughlin for interest and/or principal of the Loan.

9. The loan remained current as McKelvy made a $200,000.00 balloon payment to Laughlin on or about July 15, 2017.

10. Interest on the Loan was abated on or about July 15, 2017 in the amount of $48,098.62.

11. No additional payments or abatements have occurred since July 15, 2017.

12. Interest continues to accrue at a rate of six percent per year.

13. On or about January 28, 2019, McKelvy reaffirmed the Loan.

14. Laughlin passed away on October 30, 2020.

15. All references to the Estate in this Complaint include Laughlin.

16. The Loan belongs to and is owned by the Estate.

17. As of July 7, 2023, the total debt due to the Estate from McKelvy with interest is $271,758.07.

## COUNT I – BREACH OF CONTRACT

18. The Estate repeats and realleges all allegations contained in the Complaint.

19. The Loan is a valid contract between the Estate and McKelvy.

20. The Estate performed its obligations in accordance with the Loan.

21. McKelvy materially defaulted on her obligations under the Loan when on or about August 15, 2017 she stopped making monthly payments on the Loan.

22. McKelvy has made no payments on the Loan since July 15, 2017.

23. As a result of McKelvy's breach of contract, the Estate has incurred special damages in an amount to be proved at trial or hearing.

## COUNT II – PROMISSORY ESTOPPEL

24. The Estate repeats and realleges all allegations contained in the Complaint.

25. McKelvy promised to borrow and repay the Loan with interest.

26. The Estate reasonably relied on McKelvy's promise by providing her with $400,000.

27. McKelvy should have reasonably expected that her promise would induce action on the Estate's part.

28. Because McKelvy has refused to repay the Loan, the Estate relied on McKelvy's promise to its detriment.

29. The Estate is thus entitled to special damages in an amount to be proved at trial or hearing.

## COUNT III – UNJUST ENRICHMENT

30. The Estate repeats and realleges all allegations contained in the Complaint.

31. The goal in unjust enrichment cases is the prevention of injustice.

32. A person confers a benefit upon another if he or she gives to the other possession of or some other interest in, among other things, money, or in any way adds to other's security or advantage.

33. One who receives a benefit is enriched, and he or she would be unjustly enriched if its retention would be unjust.

34. A person who has been unjustly enriched at the expense of another is required to make restitution to the other.

35. The Estate conferred a benefit on McKelvy by providing her with $400,000.00.

36. McKelvy has only repaid a portion of the $400,000 provided to her by the Estate.

37. McKelvy has retained at least $271,758.07 in principal and interest owed to the Estate.

38. The Estate requests an order disgorging all monies owed by McKelvy to the Estate, including but not limited to at least $271,758.07.

WHEREFORE, the Estate prays for judgment against McKelvy as follows:

A. Special damages in an amount to be proved at trial or hearing.

B. Prejudgment interest in accordance with Hawaii Revised Statutes §§ 636-16 and 478-3.

C. Attorneys' fees, costs of suit, and other related expenses.

D. All such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, July 12, 2023.

/s/ *Mark G. Valencia*
MARK G. VALENCIA
JAMES W. ROONEY

Attorneys for Plaintiff
**ESTATE OF ANTHONY C. LAUGHLIN**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF ANTHONY C. LAUGHLIN,<br><br>Plaintiff,<br><br>vs.<br><br>KARI MCKELVY,<br><br>Defendant. | CIVIL NO.: _____<br>(BREACH OF CONTRACT)<br><br>**SUMMONS** |

# **SUMMONS**

STATE OF HAWAII

To the above-named Defendant:

A lawsuit has been filed against you.

You are hereby summoned and required to serve upon MARK G. VALENCIA, ESQ. and JAMES W. ROONEY, ESQ., Case Lombardi A Law Corporation, Plaintiff's attorneys, whose address is Pacific Guardian Center, Mauka Tower, 737 Bishop Street, Suite 2600, Honolulu, Hawai'i 96813, an answer to the Complaint which is herewith served upon you, within twenty-one (21) days after service of this summons upon you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Rule 12(a)(2) or (3) of the Federal Rules of Civil

Procedure – you must serve on the Plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DATED:  Honolulu, Hawaiʻi, _____.

_____
CLERK OF THE ABOVE-ENTITLED COURT